UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL E. BOSSE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MRS. JAQLYNN DOLAN,<br><br>　　　　　　　Defendant. | Case No. 1:21-cv-00176-DCN<br><br>**SUCCESSIVE REVIEW ORDER** |

　　　　The Court has reviewed the Amended Complaint of Plaintiff Michael E. Bosse, which was filed in response to the Initial Review Order issued in this case. *See* Dkts. 8, 4. Plaintiff brings suit against Mrs. Dolan, R.N., who is the former interstate medical director of the Idaho Department of Correction (IDOC); Mrs. Starr, who is the director of interstate contracts for the IDOC; Timothy Higgins, who is the former interstate prison contract monitor for the IDOC; Monte Hansen, who replaced Higgins in that position; Corizon, the prison medical provider; and the Idaho Department of Correction (IDOC). Dkt. 8.

　　　　Plaintiff alleges that, when he was transported among prisons in Idaho, Texas, and Arizona, the inhumane conditions of the transport journeys caused him injuries. He sues Defendants for permitting inhumane transport conditions to exist. However, Plaintiff was ordered to bring his conditions of confinement claims in Case No. 1:cv-21-00118-SAB, *Bosse v. Hansen, et al*. They cannot be heard in this case.

Plaintiff also alleges that he went untreated for various medical conditions after his transport(s), including a bleeding, infected ear; knee and wrist problems; black out spells; and glaucoma. Plaintiff will be permitted to proceed on these claims.

Plaintiff also sues for failure to provide him with proper medical care for his glaucoma condition once he was transferred back to an Idaho facility. It is unclear whether Defendant Dolan had authority over prisoner medical care in the Idaho facilities. Plaintiff may proceed, but he will have to show personal participation in his current medical care; otherwise, he can amend his pleadings at a later date to include the person or persons who have denied him medical care in the Idaho facilities (provided that he exhausted these claims before he first attempted to bring them in this action).

Plaintiff cannot proceed against Defendant Corizon, the prison's contracted private medical provider. To bring a § 1983 claim against a private entity performing a government function, a plaintiff must allege that officials carried out an official policy or unofficial custom that inflicted the injury at issue. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). That is, "[an entity] can be found liable under § 1983 only where the [entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy

or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). All policy-based claims must meet the pleading standards clarified by *Twombly* and *Iqbal*, *supra*. That is, mere "formulaic recitation of a cause of action's elements" is insufficient. *Twombly*, 550 U.S. at 555.

Plaintiff has provided insufficient allegations to state a claim against Corizon. Without specific factual allegations about (1) what the Corizon policies were; (2) what the Corizon policy makers actually did, and (3) how the policies caused the medical providers to provide inadequate care, Plaintiff has not stated a claim. For example, he must allege facts raising a plausible inference that the treatment chosen by the individual medical providers, or a detrimental delay in provision of treatment, was not due to the providers' own independent decisions regarding how to conservatively treat Plaintiff's condition, based on their educational training and work experience—because that situation does not equate to deliberate indifference. An official's erroneous act or omission does not necessarily mean that the entity has a policy encouraging or requiring that act or omission. He may amend within the amendment deadline if he discovers additional facts supporting such a claim.

Nor can Plaintiff proceed against the Idaho Department of Correction. The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, absent a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought."

*See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The proper way to obtain injunctive relief (an order to do or refrain from doing something) is to sue state government officials in their official capacity. Plaintiff may amend, if appropriate.

Plaintiff also asks to convert his lawsuit into a class action. The trial court has broad discretion whether to certify a case as a class action. *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975). The Court has reviewed the class certification issue and has determined that class certification is not necessary or appropriate in this case at this time, based on the factors set forth in Federal Rule of Civil Procedure 23(a) and (b). Importantly, there is no indication that a large number of prisoners have active or actionable claims that are similar to Plaintiff's. There is no indication that, if other prisoners do have such claims, they desire to join them with Plaintiff's, as opposed to pursuing them on their own. Managing class actions are extremely difficult, and the Court sees no advantage to certifying this case as a class action at this time. It will reconsider this decision at a later date if a class action appears appropriate.

Plaintiff may proceed as outlined above. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

///

///

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion for Review of Amended Complaint (Dkt. 7) is GRANTED to the extend set forth above.

2. Plaintiff may proceed against Defendant Mrs. Jaqlynn Dolan on Eighth Amendment cruel and unusual punishment claims regarding failure to provide proper medical care for the injuries received during transport when he arrived at the new facilities, and failure to provide treatment for his glaucoma condition at the Idaho facility.

3. All other claims against the Defendants are DISMISSED, and all other Defendants are TERMINATED as parties to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to amend the complaint to assert such claims, except all conditions of confinement claims (including inhumane transportation claims) must be brought in his other action.[1]

4. Defendant will be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendant chooses to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule

---

[1] Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Amended Complaint (Dkt. 8), a copy of this Order, and a Waiver of Service of Summons to the following counsel:

> **Kevin West and Dylan Eaton,** Parsons Behle & Latimer, 800 W. Main Street, Suite 1300, Boise, Idaho, 83702, on behalf of **Mrs. Jaqlynn Dolan**.

5. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

6. If Plaintiff receives a notice from Defendant indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

7. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

8. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

9. Dispositive motions must be filed no later than 300 days after entry of this Order.

10. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class

mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

11.     The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12.     All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

13.     No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14.     Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

SUCCESSIVE REVIEW ORDER - 7

15. The pleadings from Case No. 1:21-cv-00118-DCN that Plaintiff has attached to his Amended Complaint are STRICKEN, as are various access-to-courts grievances and other documents unrelated to the claims in this action (Dkt. 8, pp. 8-14, Dkt. 8-3 pp. 5-35). The Court will not entertain conditions of confinement or access to courts claims in this case; Plaintiff is free to pursue unrelated claims in separate lawsuits.

DATED: December 1, 2021

David C. Nye  
Chief U.S. District Court Judge